# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO. 1:05CV389
### (1:98CR219-9)

| | | |
|---|---|---|
| **PHILLIP FISHER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **ORDER OF DISMISSAL** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an

order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

On November 17, 1998, a jury found the Petitioner guilty of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base as charged in the indictment filed August 3, 1998. **See Verdict Sheet, filed November 17, 1998.** The Petitioner was sentenced by the undersigned on March 1, 2000, to a term of imprisonment of 235 months. **Judgment in a Criminal Case, filed March 14, 2000.** On appeal, Petitioner and his co-defendant asserted *Apprendi*[1] arguments that their "due process rights were violated because drug quantity was neither charged in the indictment nor proved to a jury beyond a reasonable doubt." ***United States v. Fisher*, 41 Fed. Appx. 635, 636 (4th Cir. 2002).** The Fourth Circuit affirmed both the Petitioner's conviction and sentence in all respects, specifically stating that *Apprendi* was "not implicated because [Petitioner's] sentence[] [is] below the

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

240-month statutory maximum sentence set forth in 21 U.S.C.A. § 841(b)(1)(C)[.]" *Id.*

Title 28 U.S.C. § 2255 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255.** The Petitioner did not petition the United States Supreme Court for a writ of *certiorari*; therefore, his conviction and sentence became final, for purposes of bringing an action pursuant to § 2255, ninety days later on October 19, 2002. ***United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004) ("Sosa notices a direct appeal, which we dismissed on July 31, 1998. Sosa did not file a petition for writ of *certiorari* in the Supreme Court of the United States, and his conviction therefore became 'final' for the purpose of § 2255's one year statute of limitations on October 29, 1998,**

**ninety days after we entered judgment.").** Clearly, Petitioner's motion is untimely.

In this motion, the Petitioner attempts to circumvent the one-year limitation period by arguing that the recent Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Booker v. United States*, 543 U.S. 220 (2005), were made retroactively applicable to cases on collateral review, thereby affording him a year from the date those cases were decided to file any post-conviction proceeding. **See § 2255, *supra*.** However, as explained below, Petitioner's arguments are without merit.

In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions that were final at the time it was decided. **United States v. Price, 400 F.3d 844, 845 (10th Cir.),** *cert. denied*, **126 S. Ct. 731 (2005);** *Varela v. United States*, **400 F.3d 864 (11th Cir.),** *cert. denied*, **126 S. Ct. 312 (2005);** *Cooper-Smith v. Palmateer*, **397 F.3d 1236 (9th Cir.),** *cert. denied*, **126 S.**

5

Ct. 442 (2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *United States v. Marshall*, 117 Fed. Appx. 269, 270 (4th Cir. 2004). Like *Apprendi* and *Blakely*, every circuit court which has addressed the issue of whether or not the ruling in *Booker* is retroactive to cases on collateral review has determined that it is not. **See, *Green, supra*; *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).**

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Petitioner's motion to proceed without the prepayment of fees is **DENIED** as moot.

**Signed: December 30, 2005**

_____
Lacy H. Thornburg
United States District Judge